IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**DERRICK EDDINGTON**                                                              **PLAINTIFF**

v.                                                         CAUSE NO. 1:20-cv-361-LG-RHWR

**GULF COAST EXOTIC AUTO, LLC**
                                                                                   **DEFENDANT**

## MEMORANDUM OPINION AND ORDER
## GRANTING DEFENDANT'S MOTION TO DISMISS

**BEFORE THE COURT** is the [23] Motion to Dismiss filed by Defendant, Gulf Coast Exotic Auto, LLC.  Plaintiff, proceeding *pro se*, filed a [27] Response in Opposition, to which Defendant [29] replied.  After due consideration of the parties' submissions, the record in this matter, and the applicable law, the Court finds that the Motion should be granted.

### BACKGROUND

Plaintiff, Derrick Eddington, proceeding *pro se*, commenced the instant action in this Court on December 2, 2020.  The third [28] Amended Complaint describes the alleged sale of a 2016 Lamborghini Aventador by Defendant, Gulf Coast Exotic Auto, LLC, to Plaintiff.  The following allegation is difficult to parse, but the Court gathers that Plaintiff attempted to use an "International Bill of Exchange" to pay the purchase price of the luxury vehicle:

> The Defendant agreed to, signed for, and received all documents of the contract agreement including the International Bill of Exchange, as tender of payment for the purchase [of] a 2016 Lamborghini Aventador, Stock No. 10478 through the U.S.P.S. by signature authorized Registered mail to secure receipt of delivery.  Since Defendant acceptance that both parties agreed upon Defendant refuse

> signature authorized Registered or Certified mail from the notary authorized by the Plaintiff to deliver including the return or rebuttal of any and all correspondence presented by the Plaintiff through the notary, see Exhibit D.

(3rd Am. Compl. ¶ 12, ECF No. 28). Plaintiff's grievance with this sale can be summarized as follows:

> The Defendant['s] Breach of Contract cause[d] the Plaintiff, to suffer in the amount of three hundred forty-five thousand three hundred twenty-five and 00/100 dollars ($345,325.00), that tendered the payment for the purchase a 2016 Lamborghini Aventador, Stock No. 10478, when the Defendant made an dishonorable decision to sell the same automobile to another buyer after the fact of accepting tender of payment in the amount of three hundred forty-five thousand three hundred twenty-five and 00/100 dollars ($345,325.00) received on or around the six day of October two thousand twenty from the Plaintiff. The tender of payment for the amount that was received by the Defendant was never refunded or return[ed] to the Plaintiff, nor was the Plaintiff ever compensated with an automobile of equal value to honor their breach of the contract agreement.

(*Id.* ¶ 13.)

Earlier versions of the Complaint were even more obscure on jurisdictional and substantive allegations. On May 13, 2021, the Magistrate Judge noted problems with the jurisdictional allegations contained in Plaintiff's original Complaint. (*See* Order, 1-5, ECF No. 10). The Magistrate Judge found that Plaintiff had not properly alleged diversity of citizenship or a claim to $345,325 which would satisfy the amount in controversy. (*Id.*). In response, Plaintiff filed his first [11] Amended Complaint on June 1, 2021.

Thereafter, on July 7, 2021, the Court reviewed the amended complaint and required Plaintiff to show cause why it should not be dismissed for lack of subject-matter jurisdiction. (*See* Order to Show Cause, ECF No. 15). In doing so the Court

found that Plaintiff had not corrected the jurisdictional issues identified by the Magistrate Judge.  In response, Plaintiff filed a second [16] Amended Complaint dated July 14, 2021.  (*See* Am. Compl., ECF No. 16).  The Second Amended Complaint attempted to correct the diversity allegations and clarified that a "Breach of Contract" supported his claim to $345,325, referencing Defendant's alleged sale of a Lamborghini Aventador to Plaintiff.  (*Id.* ¶ 13).

On September 21, 2021, the Court allowed service of the Second Amended Complaint to be made on Defendant.  (*See* Order, ECF No. 20).  Defendant filed a [23] Motion to Dismiss, which is now pending before the Court.  In response, Plaintiff filed a [27] Response, as well as another [28] Amended Complaint.  Defendant then [29] replied and [30] moved to strike the Third Amended Complaint.[1]  The issues are now ripe for disposition by the Court.

## DISCUSSION

Defendant invokes Rules 12(b)(1), (4), (5) and (6) in moving for dismissal of Plaintiff's Third Amended Complaint.  However, the Court finds it unnecessary to touch on the form and manner of service under Rules 12(b)(4) and (5)[2] and shall decide this Motion to Dismiss on Rule 12(b)(1) and (b)(6) alone.

---

[1] Plaintiff's second and third Amended Complaints were filed without leave from the Court to do so, as required by Fed. R. Civ. P. 15(a)(2).  Defendant [30] moves to strike the Third Amended Complaint for this reason.  However, because the Court finds the Third Amended Complaint independently deficient and due for dismissal, the Court will find as moot the [30] Motion to Strike.

[2] "'An objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service.'" *Gartin v. Par Pharm. Cos.*, 289 F. App'x 688, 691 n.3 (5th Cir. 2008) (citation omitted).  "'A motion to dismiss pursuant to Rule 12(b)(5) turns on the legal sufficiency of the service of process.'" *Echoles v. Tsang*,

3

I.      **Rule 12(b)(1) Aspect of Defendant's Motion**

Rule 12(b)(1) Motions should be granted "when the court lacks the statutory or constitutional power to adjudicate the case." *Hooks v. Landmark Indus., Inc.*, 797 F.3d 309, 312 (5th Cir. 2015) (quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998)). "When ruling on the motion, the district court may rely on the complaint, undisputed facts in the record, and the court's resolution of disputed facts." *Morris v. Thompson*, 852 F.3d 416, 419 (5th Cir.), *cert. denied,* 138 S. Ct. 203 (2017) (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)). The burden of proof rests on the party asserting the existence of jurisdiction. *Id.* (citing *Ramming*, 284 F.3d at 161); *see also Kokkenen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Plaintiff's Complaint asserts that this Court maintains diversity jurisdiction. "Diversity jurisdiction requires complete diversity—no plaintiff can be a citizen of the same state as any defendant." *The Lamar Co., LLC v. Miss. Transp. Comm'n*, 976 F.3d 524, 530 (5th Cir. 2020) (citing *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005)). "The amount in controversy must exceed $75,000." *The Lamar Co.*, 976 F.3d at 530 (citing 28 U.S.C. § 1332(a)). "As the party seeking to invoke federal diversity jurisdiction, [Plaintiff] bears the burden of establishing the amount in controversy by a preponderance of the evidence." *Hartford Ins. Grp. v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002).

---

No. 1:19CV433-KS-RHW, 2020 WL 557522 (S.D. Miss. Feb. 4, 2020) (citing *Holly v. Metro. Transit Auth.*, 213 F. App'x 343, 344 (5th Cir. 2007)).

4

As the Court stated in its [15] prior Order, "[a]n allegation in the complaint of the requisite amount will normally suffice to confer jurisdiction upon the court if the claim is made in good faith and unless it appears to a legal certainty that the claim cannot be satisfied." *Lister v. Comm'rs Court, Navarro Cty.*, 566 F.2d 490, 492 (5th Cir. 1978) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938)); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995) ("In order for a federal court to decline jurisdiction, 'it must appear to a legal certainty that the claim is really for less than the jurisdictional amount.'") (quoting *St. Paul Mercury*, 303 U.S. at 289). As in his prior Complaints, Plaintiff's [16] Second and [28] Third Amended Complaints "request the court to order the Defendant to pay the sum certain three hundred forty-five thousand three hundred twenty five and 00/100 dollars ($324,325.00)." (3rd Am. Compl. ¶ 18, ECF No. 28). Plaintiff now adds that Defendant owes this amount as "damages the Plaintiff suffered from the Defendant receiving tender of payment for a 2016 Lamborghini Aventador Stock No. 10478 which the Defendant never transferred over to the Plaintiff, nor was the Plaintiff refunded or compensated the value amount accepted as tender of payment from the Defendant causing the breach of contract." (*Id.*).[3] Based on these claims, the Court

---

[3] Elsewhere, Plaintiff states that he "should be compensated in the amount of three-hundred forty-five thousand three hundred twenty-five and 00/100 dollars ($345,325.00) or with an automobile of equal value which was sold after the fact of receiving tender of payment from the Plaintiff to another buyer." (Pl.'s Opp. Def.'s Mot. Dismiss ¶ 5, ECF No. 27). In a similar lawsuit seeking specific performance to convey property, the Fifth Circuit held that "the value of the property sought to be acquired by the suit" determines the amount in controversy, *Ebensberger v. Sinclair Refining Co.*, 165 F.2d 803, 805 (5th Cir. 1948), which here exceeds the jurisdictional amount.

finds that Plaintiff has set forth the minimal facts necessary to establish the amount in controversy in this matter. Further, Plaintiff pleads that he is a citizen of Georgia[4] and that the Defendant LLC's sole member is a citizen of Mississippi. (*Id.* ¶¶ 2, 4). Therefore, the Court appears to have subject-matter jurisdiction and shall proceed to the Rule 12(b)(6) aspect of Defendant's Motion to Dismiss.

## II.     Rule 12(b)(6) Aspect of Defendant's Motion

Under Rule 12(b)(6), the Court "must accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010). Further, "all questions of fact and any ambiguities in the controlling substantive law must be resolved in the plaintiff's favor." *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019). On the other hand, courts are not bound to accept as true a legal conclusion couched as a factual allegation. *Id.* "'Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."'" *Id.* (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court may review the facts set forth in the Complaint, documents attached to the Complaint, and matters of which the court may take judicial notice under Federal Rule of Evidence 201. *Id.*

Here, Plaintiff's purported entitlement to $345,325 is based on his attempt to purchase a luxury vehicle via a purported "International Bill of Exchange." (3rd

---

[4] The Court continues to note that Plaintiff has listed a mailing address in Hattiesburg, Mississippi. (3rd Am. Compl., ECF No. 28).

Am. Compl. ¶ 12, ECF No. 28); (*see also* Int'l Bill of Exchange, ECF No. 28-9). There are references to similar instruments in other decisions, which have frequently found them to be dubious or worthless documents of the payor's own creation.[5] The Eleventh Circuit has found that a similar "International Bill of Exchange" is "quite plainly . . . not real money." *Hesed-El v. Aldridge Pite, LLP*, No. 20-14782, 2021 WL 5504969, at *3 (11th Cir. Nov. 24, 2021). There, the plaintiff's use of the check "appear[ed] to rely on frivolous legal theories . . . under which the U.S. Government, after abandoning the gold standard, allegedly starting using its citizens as collateral and set up a secret account for each citizen at birth, which citizens can 'redeem' or reclaim to pay bills by invoking certain procedures." *Id.* at *3 n. 1 (citing *United States v. Barber*, 606 F. App'x 533, 534 n. 1 (11th Cir. 2015); *Stevenson v. Bank of Am.*, 359 S.W.3d 466, 468 n. 6 (Ky. Ct. App. 2011)).

Courts in the Fifth Circuit have also encountered similarly dubious instruments and legal theories. *See, e.g., Santarose v. Aurora Bank FSB*, No. H-10-720, 2020 WL 2232819, at *2-3 (S.D. Tex. June 2, 2010) ("Plaintiffs have provided no viable legal authority or any reliable or probative factual support to buttress their dubious bill of exchange theory. There is no evidence—let alone authenticated

---

[5] *See, e.g., Charles v. Castro*, No. 5:20CV42-RWS-CMC, 2020 WL 5670110, at *1 (E.D. Tex. Sep. 24, 2020) (rejecting the plaintiff's attempt to pay a filing fee with an "International Bill of Exchange," noticing that the "purported 'bill of exchange' is a document of his own creation and has no value") (citing *Emanuel v. United States*, Nos. 6:12CV1482-Orl-31GJK, 6:09CR223-Orl-31GJK, 2013 WL 117892, at *1 (M.D. Fla. Jan. 9, 2013) (rejecting the use of a purported "International Bill of Exchange" to pay an appellate filing fee); *Williams v. Ga. Dept. of Corrections*, Civ. No. 6:17CV150, 2018 WL1187555 (S.D. Ga. Mar. 7, 2018) (holding the same)).

7

proof—that the United States Department of the Treasury, or the National Banking Association, have any trust or account in the Santaroses' name, or recognize any of the obligations to which Ottaviano or the Santaroses refer.") (citing *United States v. Kahn*, No. 5:03CV436-OC-10GRJ, 2004 WL 1089116, at *1 (M.D. Fla. Mar. 30, 2004)). The *Santarose* "Bill of Exchange" involved an unsigned instrument to be paid on "sight" and contained cryptic references to the Uniform Commercial Code (UCC). *Id.* at *2. Plaintiff's purported "International Bill of Exchange" is similar to those described in the cited opinions (*See* Int'l Bill of Exchange, ECF No. 28-9),[6] and his "Notice of Memorandum of Law," subtitled "Points and Authorities in Support of International Bill of Exchange," rehearses similar frivolous legal theories which have been rejected by courts. (Not. Mem. Law Supp. Int'l Bill of Exchange, ECF No. 4). The Court concludes that Plaintiff's lawsuit and alleged entitlement to $345,325 have no factual or legal basis.

In summary, from the face of the Complaint and the materials attached thereto, the Court is not persuaded that Plaintiff—who is proceeding *in forma pauperis*—has stated a viable claim to $345,325 or the subject Lamborghini Aventador.[7] *See Hesed-El v. Aldridge Pite, LLP*, No. CV-119-162, 2020 WL

---

[6] Plaintiff's International Bill of Exchange is appended to the Complaint, as are other materials. The Court may thus consider it on this Rule 12(b)(6) Motion to Dismiss.

[7] In an affidavit attached to the Complaint, Plaintiff declares that he "had a meeting of the minds over the phone and came to terms of an agreement" with a managing partner of Defendant, in which the latter allegedly "agreed that [it] would accept an International Bill of Exchange" as payment. (Aff. ¶ 3, ECF No. 28-1). In the light most favorable to Plaintiff, this allegation shows, at most, that Defendant would accept money in such a manner to satisfy the purchase price. However,

3163645, at *6 (S.D. Ga. June 12, 2020) (holding, under facts involving a similar dubious "Bill of Exchange" document, that "[u]nder no interpretation of Plaintiff's complaint is it plausible that Plaintiff will establish a breach resulting in damages to him as the party possessing a right to complain about the breach. Plaintiff's breach of contract claim is dismissed as frivolous.").

**IT IS THEREFORE ORDERED AND ADJUDGED** that this lawsuit is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted.

**SO ORDERED AND ADJUDGED** this the 13th day of December, 2021.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE

---

Plaintiff's "International Bill of Exchange" appears to be devoid of any monetary value.